# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DRAPER FRANK WOODYARD, #183250, :

    Plaintiff, :

vs. : CIVIL ACTION 21-0336-TFM-MU

WARDEN MCCLAIN, *et al.*, :

    Defendants. :

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's motion for injunction ("motion"), which the Court is treating as a motion for a temporary restraining order due to the absence of a certificate of service reflecting that Plaintiff served his motion on Defendants. (Doc. 2, PageID.16). *Cf.* FED.R.CIV.P. 65(a) (a preliminary injunction may only be issued on notice to the adverse party). Plaintiff's underlying action and this motion have been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon careful consideration, it is recommended this motion filed by Plaintiff, an Alabama prison inmate who is proceeding *pro se*, be denied.

### I. Applicable Law.

"The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005). Irreparable harm and inadequacy of legal remedies are the bases for injunctive relief in the federal courts. *Ne. Fla. Chapter of Ass'n of*

*Gen. Contractors v. City of Jacksonville, Fla.,* 896 F.2d 1283, 1285 (11th Cir. 1990). An irreparable injury is one that "cannot be undone through monetary remedies." *Id.* And the irreparable injury "must be neither remote nor speculative, but actual and imminent." *Id.* "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* (quotation omitted). Moreover, the "granting [of] most or all of the substantive relief requested in the complaint" will not be gained by requesting a temporary restraining order. *Fernandez-Roque v. Smith,* 671 F.2d 426, 429 (11th Cir. 1982).

> To prevail on a request for injunctive relief, the movant must show:
>
> > (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest.

*Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). "[A] preliminary injunction is an extraordinary and drastic remedy[,]" which will not be granted unless the movant carries the burden of persuasion as to all the four prerequisites. *Id.* (citation and quotations marks omitted).

Furthermore, injunctions and temporary restraining orders in federal courts are governed by Rule 65 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 65. "The stringent restrictions imposed by . . . Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of*

*Teamsters & Auto Truck Drivers,* 415 U.S. 423, 438, 94 S.Ct. 1113, 1124, 39 L.Ed.2d 435 (1974).  Rule 65(b)(1)(A) and (B), which addresses temporary restraining orders, requires that an affidavit or verified complaint contain facts showing that an immediate and irreparable injury will occur before a hearing in opposition can be held and that the movant certifies in writing of his attempts to give notice to the nonmovant.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"), *cert. denied*, 493 U.S. 863 (1989).

## II.  The Motion.

Plaintiff's motion is sworn to for its veracity under penalty of perjury.  (Doc. 2 at 4, PageID.19).  The motion contains several different claims against the "State of Alabama Department of Corrections[1] and its operatives" (collectively "ADOC"), some of whom work at Fountain Correctional Facility ("Fountain") and others at Limestone Correctional Facility ("Limestone") in the Northern District of Alabama.  (*Id.* at 5, PageID.16).  The allegations fail to name persons connected to the complained of conduct, except for briefly mentioning Defendant McClain, and to describe with specificity the complained of matters, a Defendant's involvement, and the time and place of an incident.

In the first claim, Plaintiff alleges that ADOC has customs that place him in danger and disrupt his First Amendment right of access to courts.  (*Id.* at 1, PageID.16).  They are retaliatory transfers to disrupt his litigation and discriminatory treatment for

---

[1] ADOC is not a proper defendant in a federal § 1983 action.  *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (The State and its arms are not "persons" for the purpose of a § 1983 action); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057–58, 57 L.Ed.2d 1114 (1978) (ADOC has not waived its Eleventh Amendment immunity).

3

filing a federal action in November 2019 against ADOC for a violation of his First Amendment right of access to courts.[2] (*Id.*). As a result of that litigation, he suffered a beating that almost killed him and discriminatory treatment in that his legal mail is either wet or destroyed, receipt of regular mail is haphazard, and intoxicating substances were put in his food at Limestone. (*Id.*). No other inmates were given wet legal mail, and their outgoing legal mail is placed in the dorm drop box, not taken out of the dorm or placed in an officer's pocket like his mail was. (*Id.* at 1-2, PageID.16-17). Moreover, no other inmates received treatment for food poisoning. (*Id.* at 2, PagID.17). When he reported these incidents to "State heads," he was sprayed with mace and beaten. (*Id.*). No other inmates were treated in this manner. (*Id.).*

For the second claim, Plaintiff alleges that the foregoing treatment "thwarted the service of several claims." (*Id.*). Clerks of the Northern District of Alabama and of the Eleventh Circuit claim they sent mail to him at his current facility[3], and both courts state they did not receive certain filings from him or the filings were received too late. (*Id.*). And at Fountain, Plaintiff just received mail dated March 2021. (*Id.*).

In addition, Plaintiff was asked to remove a line that serves as a frame for a privacy curtain between his bed and the inmate's bed next to him and was threatened

---

[2] Plaintiff filed *Woodyard v. Peck, et al.,* 5:19-cv-01850-ACA-JEO (N.D. Ala. Apr. 7, 2020), on November 7, 2020. Like the present action, when Plaintiff filed his complaint, he did not pay the filing and administrative fees or file an application to proceed *in forma pauperis*. The docket sheet reflects the action was dismissed for failure to prosecute when he did not comply with the Court's orders to file an application to proceed *in forma pauperis*. (Doc. 13). Plaintiff then filed an unsuccessful appeal. (Doc. 25).

[3] Plaintiff appears to be implying that he did not receive the documents. The Court can liberally construe his allegations but cannot rewrite his allegations and insert facts. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

4

with mace and placement in lock-up if he did not comply. (*Id.*). The two beds are about foot and half apart because the other inmate serves as a personal aide to the inmate on his other side who needs additional space between their beds for a wheelchair. (*Id.*).

In the third claim, Plaintiff alleges that he made telephone calls to the Clerk of the Eleventh Circuit informing them of his problems with sending and receiving mail, which has not been addressed by officials. (*Id.*). The Clerk advised that he could not do anything and that Plaintiff needed to contact the Northern District Clerk. (*Id.*). Plaintiff complains that orders of dismissal are not reflected online and two complaints have disappeared offline. (*Id.*).

In the paragraph numbered four, Plaintiff contends that injunctive relief is "totally necessary" to ensure that these dangerous customs and retaliatory conduct be halted. (*Id.* at 3, PageID.18). He argues that this relief does not pose a threat to society or the general prison population and does not interfere with ADOC's budget or security and the State's budget, particularly "where the life of one or one hundred inmates ar[e] at risk." (*Id.*).

Then, in the paragraph numbered five, Plaintiff claims that "to date the discriminatory /retaliatory conduct hasn't stopped." (*Id.*). He asserts that he has been refused medical treatment for injuries inflicted by ADOC and follow-up care from surgical procedures. (*Id.*). He labels these refusals as retaliatory because the description of the incident in his medical files was changed to show the incident was between another inmate and him from the incident being between two ADOC officials, against whom he filed a § 1983 action in the Northern District, and him. (*Id.*). That action included claims against Corizon for discontinuing medication for his injuries.

(*Id.*). He lodged a complaint with Defendant Warden McClain who informed Plaintiff at a meeting that he was not responsible for the medical staff's action. (*Id.*).

For relief, Plaintiff wants an immediate transfer from ADOC while his present civil and criminal cases are pending; institution of measures to ensure he receives his mail and his mail is sent to the courts as it is a matter of life and liberty; close supervision of all his meals, possibly requiring a food tester, which should not be a problem as official ADOC policy is everything must be tasted before it served to prisoners; an escort be provided when he is moved from the prison because he had a gun pulled on him when he was shackled to a bed in a belly chain and cuffs; and immediate release from custody because he has a constitutional right to live in a safe, humane environment and he cannot defend himself when ADOC officials pull guns loaded with live rounds on him. (*Id.* at 3-4, PageID.18-19).

### III. Analysis.

Rule 65(b) requires that before issuance of a temporary restraining order, an affidavit or verified complaint show through specific facts that an irreparable injury will occur before any opposition can be heard. FED.R.CIV.P. 65(b)(1)(A). Additionally, one of the four elements necessary for the issuance of injunctive relief requires that a plaintiff carry his burden of persuasion that he will suffer irreparable injury unless the injunction issues. Plaintiff has not met his burden of persuasion of showing that he will suffer an irreparable injury unless the temporary restraining order issues. He has not described or pointed to a specific injury he is about to suffer, much less one that is an imminent, irreparable injury if injunctive relief does not issue. Instead, Plaintiff alleges a custom of retaliation and discrimination by ADOC that is reflected by a myriad of

incidents of retaliation and discrimination that he describes as suffering in this District and in the Northern District.

Due to the expansive nature of his allegations, reference to a specific Defendant has been almost entirely omitted. However, Rule 65 requires that a request for injunctive relief be specific. *Calloway v. Mason*, CA No. 13-0311-TMH, 2013 WL 5441974, at *5 (M.D. Ala. 2013) (unpublished) (citing FED.R.CIV.P. 65(d) and *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999)). "Rule 65 serves to protect those who are enjoined by informing them of what they are called upon to do or to refrain from doing in order to comply with the injunction or restraining order." *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) (citation omitted), *cert. denied,* 519 U.S. 993 (1996). "'This command of specificity is a reflection of the seriousness of the consequences which may flow from a violation of an injunctive order.'" *Meyer v. Brown & Root Const. Co.,* 661 F.2d 369, 373 (5th Cir. Nov. 13, 1981) (quoting *Payne v. Travenol Laboratories, Inc.*, 565 F.2d 895, 897 (5th Cir.), *cert. denied*, 439 U.S. 835 (1978)). "Because of the possibility of contempt, an injunction 'must be tailored to remedy the specific harms shown rather than to enjoin all possible breaches of the law.'" *Hughey*, 78 F.3d at 1531(citation and internal quotation marks omitted). "[A]n injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable." *Calloway*, *supra.* In the present instance, due to the motion's lack of specificity, the only injunctive relief that, at best, could be fashioned would be an obey-the-law injunction, which is unenforceable.[4] *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999).

---

[4] Furthermore, an issue concerning the proper venue would arise due to allegations about Limestone. 28 U.S.C. § 1391(b)(1-3) governing in which district an action may be brought).

7

The same lack of specificity has contributed to Plaintiff not alleging any facts showing that imminent, irreparable injury will be suffered unless injunctive relief issues. His allegations refer to past conduct, although that can be an indication of future conduct, but no allegations were made showing that the conduct would be repeated, or would occur in the future, by a specific suable defendant and that the conduct would place Plaintiff in the position of facing imminent, irreparable harm. Thus, due to the allegations' lack of specificity and to the absence of an imminent, irreparable injury be pled, Plaintiff' has failed to meet the burden of proof on the element that "he will suffer irreparable injury unless the injunction issues." *Zardui-Quintana*, 768 F.2d at 1216. Furthermore, Plaintiff has not advised of his attempts to notify Defendants of his application for a temporary restraining order and his reasons for lack of notification. FED.R.CIV.P. 65(b)(1)(B).

### IV. Conclusion.

Because the Court finds that Plaintiff has not met his burden of persuasion in regard to one of the elements for injunctive relief to issue, and has not satisfied the requirements of Rule 65(b)(1)(A&B), the Court will not address the remaining elements inasmuch as Plaintiff bears the burden of persuasion on all four elements. *See Sofarelli v. Pinellas Cnty.,* 931 F.2d 718, 724 (11th Cir. 1991) ("If any element is not proven, there is no need to address the others."); *U.S. v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (where the movant failed to meet the burden of persuasion on one factor – suffering irreparable harm, a preliminary injunction was properly denied). Accordingly, it is recommended that Plaintiff's motion for a temporary restraining order be denied.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 11th day of August, 2021.

s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**