IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DRAPER FRANK WOODYARD,** **#183250,** | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) CIV. ACT. NO. 1:21-cv-336-TFM-MU |
| **WARDEN MCCLAIN,** *et al.*, | ) ) ) ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

On August 11, 2021, the Magistrate Judge entered a Report and Recommendation which recommends Motion for Injunction (Doc. 2) be denied. *See* Doc. 5. The Plaintiff did not file formal objections, but the Court considered his subsequent documents (Docs. 6, 7) in the event he intended them as objections.

The document filed by the plaintiff does not make it clear under which portion of Fed. R. Civ. P. 65 that he seeks an injunction. So, the Court will address both in turn.

The Magistrate Judge in the report and recommendation construed the motion as one seeking a temporary restraining order. *See* Doc. 5 at 1. A temporary restraining order ("TRO") may be granted without notice if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

F. R. CIV. P. 65(b)(1). *Ex parte* relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of *ex parte* temporary restraining orders reflect the fact

that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974).

Though Plaintiff may satisfy the verified complaint given that his original complaint contains the affirmation that it is subject to the penalty of perjury, he still fails in the requirements of the second requirement of Rule 65(b)(1) which requires the certification in writing of efforts to notify the defendants or the reasons it should not be required. He further fails to demonstrate that an irreparable injury, loss, or damage will occur prior to the defendants having an opportunity to be heard. As such, to the extent Plaintiff seeks a temporary restraining order, that motion is denied.

Moreover, as noted by the Magistrate Judge in the recommendation, in order for a preliminary injunction to issue, it may only be done so on notice to the adverse party, which has not occurred here because Plaintiff has yet to pay the filing fee or complete the request to proceed *in forma pauperis* nor does he show independent service of the complaint and injunction. As such, a request for preliminary injunction is either premature or due denial for the reasons stated in the recommendation.

Therefore, after due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made (to the extent the subsequent documents contain objections), the Report and Recommendation of the Magistrate Judge is **ADOPTED as modified** as the opinion of this Court. It is **ORDERED** that Plaintiff's motion for an injunction – whether as a Temporary Restraining Order or as a Preliminary Injunction (Doc. 2) is **DENIED**.

Additionally, the Court notes that according to the docket sheet, Plaintiff has not yet

complied with the prior order to either pay the $402 filing fee or complete the motion to proceed *in forma pauperis*. *See* Doc. 4. The deadline to do so was August 30, 2021. *Id*. Therefore, the Court provides Plaintiff one final chance to submit either the filing fee or the fully completed motion to proceed without prepayment of fees no later than **December 15, 2021**. Failure to do so may result in the dismissal of this action for failure to prosecute and/or obey the Court's order under Fed. R. Civ. P. 41.

This case is **REFERRED BACK** to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this 1st day of December, 2021.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE