IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRAPER FRANK WOODYARD, #183250,  :

    Plaintiff,                                                    :

vs.                                                                    :        CIVIL ACTION 21-0336-TFM-MU

WARDEN MCCLAIN, *et al.*,                     :

    Defendants.                                              :

## **REPORT AND RECOMMENDATION**

Plaintiff Draper Frank Woodyard, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to the Court's inherent powers for Woodyard's failure to comply with the Court's orders.

## **Proceedings**

Woodyard was granted leave to proceed *in forma pauperis* in this action. (Doc. 11, PageID.61). Therefore, the Court was required to screen his action under 28 U.S.C. § 1915(e)(2)(B). In screening the original complaint (Doc. 1), the Court found that Woodyard was relying on the narrative statement attached to his complaint to allege his claims instead of using the complaint form to identify each Defendant and to describe, with facts, his claims against each Defendant. (Doc. 8 at 2-3, PageID.41-42). In addition to naming several Defendants, in this District and elsewhere, Woodyard alleged

no fewer than seven distinct claims, which the Court set out for him in its order. (*Id.* at 3-5, PageID.42-44). The Court included the first amended complaint, which added another claim, in its screening on his own initiative. (Doc. 7, PageID.35).

In screening the original complaint and first amended complaint, the Court found that they failed to state a claim upon which relief can be granted and ordered Woodyard to file a second amended complaint on this Court's § 1983 complaint form for the purpose of bringing only one of his claims. (Doc. 8 at 1-2, PageID.40-41). The pleading of that claim was ordered to be done in accordance with the Court's directives for stating a § 1983 claim that were contained in the order. (*Id.*). He was advised that he could not rely on his original and first amended complaint in pleading his second amended complaint as they were considered abandoned. (*Id*. at 2, PageID.41).

In its order the Court advised Woodyard that Rule 20(a)(2)(B), which requires that claims in one action arise from the "same transaction, occurrence, or series of transaction or occurrences; and [have] . . . any question of law or fact common to all defendants," FED.R.CIV.P. 20(a)(2)(B), was violated by his complaint and first amended complaint. (*Id.* at 6-7, PageID.45-46). The Court informed him that a claim that is not related to the incident or issue must brought in another action. (*Id.* at 7, PageID.46). He was advised that the claims not arising in this District would not be heard by this Court, because venue was lacking, and they would be transferred to another District. (*Id.* at 7-8, PageID.46-47). He was further advised that to state a § 1983 claim, he must allege an affirmative causal connection between each defendant's act or omission and the alleged constitutional deprivation and that § 1983's two-year statute of limitations would bar a claim not filed within two years of the complaint's filing on July 28, 2021. (*Id.* at 8-

9, PageID.47-48). Lastly, he was advised the second amended complaint must be a plausible short and plain statement, possessing enough heft to show that he is entitled to relief, as conclusory statements unsupported by facts would not be adequate. (*Id.* at 9-10, PageID.48-49). Woodyard was warned that a second amended complaint that does not comply with the Court's directives and Rule 20(a) would be dismissed. (*Id.* at 10, PageID.49).

With a second amended complaint not being filed within the required time, the Court entered another order for Woodward to file a second amended complaint that contained one claim and reiterated the pleading directives contained in its prior order. (Doc. 11, PageID.61). Woodyard was warned again that failure to file a second amended complaint that complied with the Federal Rules of Civil Procedure and the order's pleading directives would result in the dismissal of this action. (*Id.* at 4, PageID.64).

In response, Woodyard filed a second amended complaint on this Court's § 1983 complaint form. (Doc. 13, PageID.69). The complaint form is sparsely completed. For a general description of his claim, he states, "See Attached Previous (Form) 1983 Complaint" (*Id.* at 4, PageID.71), even though he had been instructed not to rely on his prior pleadings. (Doc. 8 at, PageID.40). However, no attachment accompanied the third amended complaint. On the following two pages, he identifies Defendants. (*Id.* at 5-6, PageID.72-73). His allegations against them are brief and, therefore, are set out in full. The claims against Warden McClain are "deliberate indifference to serious medical needs [-] retaliation [-] failure to train." (*Id.* at 5, PageID.72). The supporting facts are: "Refused medical treatment in a retaliatory manner [-] refuse to move abusive COI

3

King." (*Id.*). The claim against Warden Butler is "failure to train" when he "refuse[d] to remove COI King or McClain." (*Id.*). And the claim against COI King is for "excessive force, retaliation – see attached or previous complaint." (*Id.* at 5-6, PageID.72-73). Beneath where the information against the above three Defendants is located, there is a listing of additional Defendants – "Alabama Department of Corrections[,] K. Bias Obenchain – retaliatory transfer[,] Lt. Crum." (*Id.* at 6, PageID.73). No request for relief was made. (*Id.* at 7, PageID.74).

Upon review of the second amended complaint (Doc. 15, PageID.80), the Court found the second amended complaint failed to state a claim and to comply with the Court's order. (*Id.* at 1, PageID.80). Woodyard was ordered to file a third amended complaint on the Court's § 1983 complaint form, not to rely on his prior complaint and amended complaints, to follow the Court's prior pleading directives (which were repeated), and to obey Rule 20(a) by bringing only one claim, with any claim closely related to it, that arose in this District. (*Id.*). Woodyard was again warned that his failure to follow the pleading directives of that order and the prior orders would result in a recommendation of dismissal for failure to comply with the Court's order. (*Id.* at 5, PageID.84).

Woodyard filed his third amended complaint on the Court's § 1983 complaint form which contains many of the same deficiencies that the Court had directed him to correct. (Doc. 18, Page ID.90). He attached a narrative statement to the complaint form, which is chiefly comprised of a copy of the original complaint's attachment, as reflected by the Court's numbering on the pages. (*Id.* at 10-16, PageID.99-105). Again, he names out-of-district Defendants, namely, K. Bias-Obenchain and Lt. Crum, who are

4

both located at Limestone Correctional Facility (Limestone) in the Northern District of Alabama.  (*Id.* at 5, 16, PageID.94, 105).  And he did not select one claim on which to proceed, as he was ordered to do.  (Doc. 8 at 1-2, PageID.40-41).  Previously, the Court found the attachment contained claims based on the following: (1) A transfer from Limestone to Fountain allegedly done in retaliation for a prior lawsuit based on a 2012 stabbing; (2) threats and physical acts taken against him in retaliation at Fountain by Officer King; (3) failure to receive medication, screenings, and a copy of medical records related to the 2012 stabbing; (4) failure to tell him he has high blood pressure, although he was being treated for it for a decade, and failure to inform him if he needs to take the medication; (5) Bias-Obenchain advised him that he would not be transferred from Limestone, but he was transferred anyway; (6) Lieutenant Crum returned his papers to him which he had asked Lieutenant Crum to deliver to Bias-Obenchain, and he was transferred to Fountain; and (7) the mail clerks are destroying, misplacing, and holding mail.  (*Id.* at 5, PageID.44).

## Conclusion

Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).  The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered an inherent power of the court.  *Id.* at 630, 82 S.Ct. at 1389.  In addition, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules."  *Saint Vil v. Premier Mortg. Funding Corp.,* 715 F. App'x 912,

915 (11th Cir. 2017)[1] (quoting *Gratton v. Great Am. Commc'n*, 178 F.3d 1374, 1374 (11th Cir. 1999) (internal quotation marks omitted)).  *Accord Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005) (the two sources of a court's authority to dismiss an action *sua sponte* are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).  Thus, "the court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."  *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009).

Due to Plaintiff's failure to comply with the Court's orders, it is recommended that this action be dismissed without prejudice, as no lesser sanction will suffice to address Plaintiff's obstinance in filing a complaint that complies with the Federal Rules of Civil Procedure and this Court's orders, despite having been warned of the consequence. *See Arnold v. City of Columbus, Ga.,* 438 F. App'x 892, 893 (11th Cir. 2011) (affirmed the dismissal of the *pro se* plaintiff's complaint for failure to comply with the court's order to replead the complaint to cure the deficiencies in accordance with its directives), *cert. denied*, 565 U.S. 1199 (2012); *Tanner v. Neal*, 232 F. App'x 924, 924 (11th Cir. 2007) (affirmed the district court's *sua sponte* dismissal without prejudice for the plaintiff's action for failure to follow the court's instruction for amending her complaint to comply with Rule 8(a)(2) and to connect each wrong with an identifiable defendant after she had been forewarned); *see also Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (dismissing an action for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied,* 493

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

U.S. 863 (1989); *Sparklin v. Tucker*, 2014 WL 6882766, at *3 (N.D. Fla. 2014) (citing cases that were dismissed for failure to comply with Fed.R.Civ.P. 8(a) and the court's order).

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

**DONE and ORDERED** this 28th day of June, 2022.

**s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**
