IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DRAPER FRANK WOODYARD,** #183250, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   CIV. ACT. NO. 1:21-cv-336-TFM-MU |
| **WARDEN MCCLAIN,** *et al.* | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On June 28, 2022, the Magistrate Judge filed a Report and Recommendation which recommends this action be dismissed without prejudice for failure to comply with the Court's orders. *See* Doc. 19. Plaintiff timely filed objections to the Report and Recommendation. *See* Doc. 20. In addition, there are two additional matters the Court will resolve in this opinion. First on, February 9, 2022, Plaintiff filed a "Response to Document 9 filed on 12/1/21." *See* Doc. 14. Next, Plaintiff filed an objection to the Magistrate Judge's order denying a motion to subpoena. *See* Docs. 21, 22.

First, the Court reviewed the "Response to Document 9 filed on 12/1/21" (Doc. 14) which the Court construes as a motion for reconsideration of its Memorandum Opinion and Order denying his motion for injunction. *See* Doc. 9. In reviewing his request, the Court finds that he seems to have misunderstood the prior opinion and order. The Memorandum Opinion and Order adopted (as modified) the previous Report and Recommendation in that Plaintiff was not entitled to either a temporary restraining order or a preliminary injunction. It also contained a separate directive for Plaintiff to pay either the filing fee or file a motion to proceed *in forma pauperis*. Plaintiff complied in that he filed a motion to proceed *in forma pauperis* which the Court ultimately

granted. *See* Docs. 10, 11. However, Plaintiff also seems to reopen the discussion of Rule 65 on requests the issuance of a TRO/preliminary injunction under Rule 65. He also does not specify To the extent he attempts to relitigate that issue, the Court finds the request for reconsideration (Doc. 14) is **DENIED**.

Next, Plaintiff filed an "Objection to Court Order Document 22 filed 9/29/22" wherein he clearly objects to the Magistrate Judge's order denying the request for a subpoena. *See* Doc. 23. Pursuant to Fed. R. Civ. P. 72(a), "[a] party may serve and file objections to the order within 14 days after being served with a copy…[then the] district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." In these objections, Plaintiff criticizes the Magistrate Judge for being vague and retaliatory. He also complains about the Magistrate Judge in general and seems perplexed about his recommendations and orders. However, the undersigned issued a general order of referral pursuant to 28 U.S.C. § 636 (b)(1) on August 2, 2021. *See* Doc. 3. Ultimately, Plaintiff's objections on the discovery order do not overcome the fact that his case was already before the undersigned on a report and recommendation for dismissal and if dismissed, then no subpoena would issue. Further, discovery does not commence until after the Defendants have answered and the parties have conducted a discovery conference pursuant to Fed. R. Civ. P. 26(f). In the case at hand, Plaintiff filed a motion to proceed *in forma pauperis* and therefore the Court is required to review his Complaint under 28 U.S.C. § 1915(e)(2)(B) and therefore service of process on the defendants was stayed pending the review. The Magistrate Judge identified certain deficiencies in the Plaintiff's complaint and gave several opportunities for him to fix and amend his complaint. However, as noted in the Report and Recommendation, Plaintiff did not comply. Therefore, the Magistrate Judge's order denying the subpoena is not clearly erroneous and the objections (Doc. 23) are

**OVERRULED**.

The Court now turns to the current Report and Recommendation and the objections filed by Plaintiff. *See* Docs. 19, 20. Plaintiff's objections fail to fix the deficiencies in his complaint after he was given numerous opportunities by the Magistrate Judge.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

The Court finds that the Magistrate Judge gave ample opportunity for the Plaintiff to file a standalone amended complaint that met the pleading standards established by Fed. R. Civ. P. 8. As such, the Court finds that the basis for dismissal in the Report and Recommendation is supported.

In addition to dismissal under Rule 41(b), the Court also finds that dismissal under 28 U.S.C. § 1915(e)(2)(B) is appropriate. Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.* Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). The court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*,

556 U.S. at 678. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). In ascertaining whether Plaintiff's Complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B), the Court follows the same standard as it would when determining whether to dismiss an action under Rule 12(b)(6) for failure to state a claim. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003). The Court assumes the truth of all Plaintiff's allegations for purposes of this determination. *Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1284 (11th Cir. 2006).

In the case at hand, for the reasons previously identified by the Magistrate Judge in his orders to amend, the Court also finds that dismissal under § 1915(e)(2)(B) is appropriate.

Therefore, after due and proper consideration of the issues raised, and a *de novo* determination of those portions to which objection is made, Plaintiff's objections to both the Report and Recommendation and the Order denying the Subpoena are **OVERRULED**. The Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court with the additions noted above. Accordingly, this action is **DISMISSED without prejudice**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 14th day of October, 2022.

>   /s/Terry F. Moorer
>   TERRY F. MOORER
>   UNITED STATES DISTRICT JUDGE